UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERFECT FRAME, LLC,

  Petitioner,

v.

UNITED STATES OF AMERICA,

  Respondent.
_____/

Case No. 21-mc-51029
Hon. Denise Page Hood

**ORDER DENYING INITIATING MOTION/PETITION FOR
REMISSION OF SEIZED FUNDS (ECF No. 1),
DENYING MOTION TO STRIKE RESPONSE TO PETITION (ECF NO. 6),
AND
DISMISSING MISCELLANEOUS ACTION**

This matter is before the Court on Petitioner Perfect Frame LLC's August 2, 2021 Initiating Motion/Petition to Request Remission of Seized Funds (ECF No. 1) pursuant to Fed. R. Crim. P. 41(g) and Motion to Strike Respondent United States of America's ("Government's") Response to the Petition. (ECF No. 6). Responses were filed and a hearing held on October 6, 2021.

### I. BACKGROUND

This action is a companion case to a forfeiture action, *United States of America v. Currency $3,840,772.58, et al.*, 21-cv-10928. In separate actions, Advotis General Trading, LLC. ("Advotis), Capricorn Goods Wholesaler, LLC

("Capricorn"), and Camaro Impex General Trading LLC ("Camaro") also seek remission of the seized funds under Fed. R. Crim. P. 41(g) related to the forfeiture action. See, *Advotis General Trading, LLC v. United States of America,* 21-mc-50963; *Capricorn Goods Wholesaler LLC v. United States of America,* 21-mc-51128; *Camaro Impex General Trading LLC v. United States of America,* 21-mc-51162.

Perfect Frame alleges that it is a trading company based in Dubai, United Arab Emirates which "imports and exports throughout the world." (ECF No. 1, PageID.1). At dispute are 19 wire transfer payments collectively totaling $394,159.00 which were seized from five intermediary banks between December 8, 2020 and January 4, 2021, after being debited from Perfect Frame's "Dubai-based bank accounts." (Id., PageID.2-3). The intermediary banks from which the funds were seized were JP Morgan, Bank of America, Citibank, Standard Chartered Bank, and the Bank of New York. (ECF No. 1-1, PageID.19-20).

Perfect Frame states that its representative contacted the Government as early as January 8, 2021, and was informed on January 27, 2021 by email from a representative of the Internal Revenue Service ("IRS") that "forfeiture proceedings will be initiated in the United States against the seized funds," giving Perfect Frame "an opportunity to contest the seizure/forfeiture in United States District Court." (ECF No. 1, PageID.6). On January 30, 2021, the same IRS representative informed

Perfect Frame by email that it would be given notice of judicial proceedings." (*Id.*). Perfect Frame seeks remission of the seized funds, alleging that the Government never notified Perfect Frame that it had seized the funds or provided notice "of any process to challenge that procedure." (*Id.*, PageID.7). Perfect Frame alleges further that at no point prior to the first seizure was it informed that the "wire transfers were suspicious or subject to seizure and forfeiture by the United States Government." (*Id.*, PageID.6).

In response, the Government argues that the funds in dispute were seized "pursuant to federally authorized seizure warrants" and that the action should be dismissed. (ECF No. 4, PageID.58). It notes that the seizure was initiated under seal in the United States District Court for the Eastern District of Michigan. (*Id.*, PageID.59). As authorized by the sealing court, the Government states that the docket number of the sealed forfeiture action was provided to Ms. Castaneda after being advised that she represented Advotis in the forfeiture action but that "[a] similar disclosure was not made to Ms. Castaneda regarding [Perfect Frame]" because the Government "was never advised of her representation of [Perfect Frame] at any point before the filing of its Rule 41(g) motion." ((*Id.*, PageID.59-60, n 1). At the time of the Government's response, an application to unseal the Amended Complaint for review by the public was pending. Pursuant to the Court's September 28, 2021 order, the Government filed its Second Amended Complaint on September

3

30, 2021. Case No. 21-cv-10928 (ECF Nos. 8-9).

## II.  APPLICABLE LAW

Under Fed. R. Crim. P. 41(g):

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."

Rule 41(g), previously codified as 41(e), is an equitable remedy. *Shaw v. United States*, 891 F.2d 602, 603 (6th Cir. 1989). In *Shaw,* the Court found that the lower court properly denied Shaw's Rule 41(e) motion for return of her property "on the grounds that there was a specific remedy provided for at law which she failed to pursue." *Id.*; *see also* United *States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988)("[W]hen a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant. The district court did not err in denying the Rule 41(e) motion").

Forfeiture actions in rem are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Act ("Rule G"). Under Rule G(3)(c)(ii)(B), "the authorized person or organization must execute the warrant and any supplemental process on property in the United States as soon as practicable unless . . . the court orders a different time when the complaint is under seal, the action is stayed before the warrant and supplemental process are executed, or the

court finds other good cause." Rule G(4)(b)(iii)(B)(Notice to Known Claimants) provides that "[n]otice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case."

### III. ANALYSIS

**A. Perfect Frame's Motion for Remission (ECF #1) and Response**

Perfect Frame seeks the remission of the seized funds, under Fed. R. Civ. P. 41(g), stating that it is "unable to determine the statutory basis for the seizure of funds; the status of the funds; [or] the status of any seizure and/or forfeiture actions taken on behalf of the United States government." (ECF No. 1, PageID.11). Perfect Frame states that while the Government "has retained control of the seized funds for over 180 days," as of the day of the filing of this Petition, it "has yet to provide notice . . . of any seizure proceedings. (*Id*.). Perfect Frame notes that the Civil Asset Forfeiture and Reform Act ("CAFRA") "requires a 60-day period for the government to notify prospective beneficial owners of seized property to allow them an opportunity to contest the seizure." (*Id*., PageID.10)(*citing* 18 U.S.C. § 983). Perfect Frame also alleges that "[t]here are no facts to support that venue is proper in the District of Eastern Michigan" under 28 U.S.C. § 1391.

In response, the Government contends that the Petition should be dismissed for lack of subject matter jurisdiction, arguing that "[i]t is well established that a

5

request for the return of property under Rule 41(g) should be dismissed where forfeiture proceedings have been initiated by the United States." (ECF No. 4, PageID.60)(*citing Shaw, supra,* 891 F.2d at 603). The Government argues that Rule G "provides Petitioner with an adequate remedy under the law" which "is replete with procedural protections for claimants of seized assets in civil judicial forfeiture proceedings." (*Id.*, PageID.62).

As to Perfect Frame's claim that it was not given timely notice of the seizure, the Government cites Rule G(3)(c)(ii)(B), which states that the "court may order a different service of process time 'when the complaint is under seal, the action is stayed before the warrant and supplemental process are executed, or the court finds other good cause.'" (*Id.*). It notes that "[o]nce unsealed, the forfeiture proceedings will also require notice be provided to the world through 'publication' and direct notice 'to any person who reasonably appears to be a potential claimant,'" including "parties sending the seized wire funds" and those "expecting to receive those funds." (*Id.*)(*quoting* Rule G(4)(a-b)).

The Government also contends that Rule G contains "procedural protections" ensuring that "only self-verifying claimants be permitted to file a claim to seized assets." (*Id.*, PageID.63). It notes that Perfect Frame has provided no "certified or uncertified record[] or a declaration under penalty of perjury" showing that it "is currently a registered legal entity in the [United Arabic Emirates.]" (*Id.*, PageID.63

6

n. 2). The Government states that "[i]n contrast to the procedural filters mandated by [Rule G]," the present action is "unsupported by declaration and with no verification that is properly authorized by [Perfect Frame]." (*Id.*, PageID.64-65). The Government argues that addressing Perfect Frame's claims in the pending forfeiture action will "ensure that these issues of reliability and statutory standing are addressed." (*Id.*, PageID.66).

The Government is correct that "Rule 41(g) motions cannot be brought after the government has initiated civil statutory proceedings where the aggrieved party has an adequate remedy through those proceedings." *Mercedes Benz of St. Clair Shores v. Drug Enf't Admin.*, No. 19-11954, 2019 WL 6877889, at *3 (E.D. Mich. Dec. 17, 2019)(Levy, J.)(*citing Brown v. United States*, 692 F.3d 550, 552–53 (6th Cir. 2012))(upholding the district court's dismissal for lack of subject matter jurisdiction over a Rule 41(g) motion "where the government initiated civil proceedings" providing the claimant "with an adequate remedy for vindicating her interest in the seized funds"); *See also Shaw,* 891 F.2d at 603 ("Under standard equity doctrine, where there is an adequate remedy at law it must be pursued.").

Perfect Frame's claims can be wholly addressed in the forfeiture proceedings. Perfect Frame can raise issues in the underlying forfeiture proceedings, including the claims that the Government cannot meet its burden of proof or has failed to provide a basis for jurisdiction under Rule G(2). Perfect Frame can also raise the

7

issue of whether it was provided timely notice of the seizure or whether there is a statutory basis of the forfeiture in the forfeiture action.[1]

Finally, while Perfect Frame argues that the Government did not comply with deadline requirements of CAFRA, the rules set forth in CAFRA pertaining to administrative forfeitures is inapplicable to the present action.[2]

Because Perfect Frame's challenges to the seizures must be made in the underlying forfeiture action, the current Petition will be dismissed. Perfect Frame has an adequate remedy at law before the underlying forfeiture action. The statutory provisions of the forfeiture action and applicable Rules must be followed.

---

[1] Under Rule G, "the government may secure an order sealing the complaint in a civil forfeiture action; such a seal may be ordered for reasons including protection of an ongoing criminal investigation." *United States v. Real Prop. Located at 6250 WT Montgomery Rd., Bexar Cty., San Antonio, Texas*, No. SA:14- CV-584-DAE, 2014 WL 12886833, at *1 (W.D. Tex. Nov. 25, 2014)(internal citations omitted); Rule G(3)(c)(ii)(B). The Government's Second Amended Complaint for Forfeiture states that a sealed complaint for forfeiture was filed "on or about April 26, 2021." (Case No. 21-10928, ECF No. 9, Page ID 175).

[2] In a companion case, Perfect Frame's attorney does not dispute the Government's contention that CAFRA does not apply the current action but cites a Department of Justice Policy manual stating that the Government should commence a forfeiture action within 90 of receiving a request for the release of seized property. (*Id*., PageID.212). *Advotis General Trading, LLC v. United States of America,* 21- mc-50963, ECF No. 7, PageID.212; *United States of America v Currency $3,840,772.58, et al*., 21-cv-10928, ECF No. 9, Page ID 175. As noted above, before the time this action was commenced on August 2, 2021, Real Frame's attorney had not informed the Government that she represented Perfect Frame. The time between the commencement of this action and the filing of the Second Amended Complaint on September 28, 2021, was well within the 90-day deadline set forth in CAFRA.

### B. Perfect Frame's Motion to Strike the Government's Response (ECF No. 6) and Response (ECF No. 7)

On August 26, 2021, Perfect Frame filed a motion to strike the Government's response to the Petition under Fed. R. Civ. P. 12(f) because the response contained "'immaterial' and impertinent 'information'" and was "an 'insufficient defense'" to the Petition. (ECF No. 6, PageID.69) (*quoting* Rule 12(f)). Perfect Frame objects to the Government's statement that Perfect Frame failed to file an authorized and verified claim because Fed. R. Crim. P. 41(g) "does not require a verified complaint." (*Id.*, PageID.71) *citing* (ECF No. 5, PageID.37). Perfect Frame also argues, in effect, that the Government is attempting to flout the requirements for executing and returning a warrant under Rule 41(f). (*Id.*). Perfect Frame claims that Rule G does not apply because the Government "has failed to provide [it] with any notice of any seizure" and that the current Petition is not subject to the rules governing the underlying forfeiture proceeding. (*Id.*, PageID.45-46). In response, the Government argues that the "motion to strike" is merely a reply to its legal arguments made in favor of dismissal. (ECF No. 7, PageID.78).

Fed. R. Civ. P. 12(f) authorizes a court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." "A court has liberal discretion to strike such filings as it deems appropriate." *Van Loo v. Cajun Operating Co.*, 64 F. Supp. 3d 1007, 1012 (E.D. Mich. 2014)(citation and internal marks omitted). While decisions regarding motions to

strike are within the discretion of the court, "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)(*citing Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). A court should strike a matter if it "can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation *and prejudicial* to the objecting party." *Jackson v. Broughton*, No. 09–11438, 2010 WL 2993993, at *1 (E.D. Mich. July 28, 2010) (citation omitted)(emphasis in original).

Perfect Frame's argument mischaracterizes the Government's response to the Petition. The Government does not argue that Perfect Frame did not comply with requirements of Rule 41 but rather that the challenges to the seizure must be made in the underlying forfeiture action, subject to the requirements of Rule G, under which "the interested party is required to submit a claim to the court "'signed by the claimant under penalty of perjury'" under Rule G(5)(a), "so as to avoid the danger of false claims in forfeiture cases." (ECF No. 4, PageID.63, n.2)(*quoting* Rule G(5)(a)). Perfect Frame's reliance on *United States v. $31,000.00 in U.S. Currency*, 872 F.3d 342, 350 (6th Cir. 2017), which states that at the pleading stage of a forfeiture action Rule G(5) "'requires claimant to do no more than identify themselves and state their interest,'" is not well taken. (ECF No. 6, PageID.73).

10

*$31,000.00 in U.S. Currency* does not hold that an *unverified* identification, without more, is sufficient for pleading purposes. To the contrary, *$31,000 in U.S. Currency* cites with approval the Rule G(5) requirement that a claim in a civil forfeiture action "'be signed by the claimant under penalty of perjury'" *Id.* at 347 (*quoting* Rule G(5)(a)(i)(A)–(D)). "[W]e have held that Rule G's verification requirement is a built-in preventative measure that limits the danger of false claims." *Id.* at 351 (internal citation omitted). The Government's argument in favor of dismissing the current Petition is not "redundant, immaterial, impertinent, or scandalous." As discussed above, Perfect Frame's remedy lies in making its claims in the underlying forfeiture action.

Finally, while Perfect Frame characterizes its arguments as a motion to strike, it is simply challenging the Government's arguments seeking dismissal of the instant action. The Motion to Strike under Rule 12(f) is itself improper and will be denied. The Court construes the arguments therein as a reply to the Government's response. *See United States v. Evans*, No. 13-173, 2017 WL 2780579, at *3 (W.D. Pa. June 27, 2017)(Denying petitioner's Rule 12(f) motion as "improper" but considering arguments as a reply to government's response to the Rule 41(g) petition).

## IV. CONCLUSION AND ORDER

For the reasons set forth above,

**IT IS ORDERED** that Perfect Frame's Initiating Motion/Petition to Request Remission of Seized Funds (ECF No. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that Perfect Frame's Motion to Strike the Government's Response to the Petition (ECF No. 6) is **DENIED.**

**IT IS FURTHER ORDERED** that this miscellaneous action is **DISMISSED** and **DESIGNATED AS CLOSED** on the Docket.

<u>s/Denise Page Hood                    </u>
DENISE PAGE HOOD
United States District Judge

DATED:  September 6, 2023